JEFFER MANGELS & MITCHELL LLP
KERRY SHAPIRO (Bar No. 133912)
*kshapiro@jeffer.com*
MICHAEL H. STRUB, JR. (Bar No. 153828)
*MStrub@jeffer.com*
HA CHUNG (Bar No. 332571)
*hchung@jeffer.com*
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone: (949) 623-7200
Facsimile: (949) 623-7202

HOLLAND & HART LLP
MURRAY FELDMAN (pro hac pending)
*mfeldman@hollandhart.com*
JENNIFER SCHELLER NEUMANN (pro hac pending)
*jsneumann@hollandhart.com*
AMELIA YOWELL (pro hac pending)
*AGYowell@hollandhart.com*
ANDREA J. DRIGGS (Bar No. 223224)
*AJDriggs@hollandhart.com*
800 W. Main Street, Suite 1750
Boise, Idaho 83702
Telephone: (208) 342-5000
Facsimile: (208) 343-8869

Attorneys for DATELINE RESOURCES LTD. and
COLOSSEUM RARE METALS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR; DOUG BURGUM, in his official capacity as Secretary of the Interior; NATIONAL PARK SERVICE; JESSICA BOWRON, in her official capacity as Acting Director of the National Park Service; KEVIN SCHLUCKEBIER, in his official capacity as Acting Superintendent of Mojave National Preserve,<br><br>Defendants. | Case No. 2:26-cv-4002-CAS-AS<br><br>**[PROPOSED] ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT-INTERVENORS DATELINE RESOURCES LTD. AND COLOSSEUM RARE METALS, INC.** |

Case No. 2:26-cv-4002-CAS-AS

Defendant-Intervenors Dateline Resources Ltd. ("Dateline") and Colosseum Rare Metals, Inc. ("CRM," collectively, "Defendant-Intervenors"), by and through their undersigned counsel, hereby answer the Complaint of Plaintiff National Parks Conservation Association ("NPCA" or "Plaintiff") as follows, concurrently with their Motion to Intervene as Defendants. Any factual allegation admitted in this Answer is admitted only as to the specific fact asserted and not as to any conclusions, characterizations, or inferences drawn therefrom by Plaintiffs. Defendant-Intervenors follow the format of the Complaint for ease of reference only and do not agree to or admit that the Complaint's paragraph headings are accurate, appropriate, or substantiated. Except as admitted herein, Defendant-Intervenors deny the allegations in the Complaint.

### INTRODUCTION

1.    In response to Paragraph 1 of the Complaint, Defendant-Intervenors admit that NPCA purports to bring this challenge and that the Colosseum Mine is located within Mojave National Preserve. Defendant-Intervenors deny the characterization that the April 2025 letter was an unlawful "reversal" permitting "renewed industrial mining operations" without required environmental review and approvals. Defendant-Intervenors deny that activity at the Colosseum Mine threatens irreparable harm to a fragile desert ecosystem or that any wrongdoing has occurred or will occur. The statute quoted in this paragraph speaks for itself. Except as admitted, Defendant-Intervenors deny the allegations of this Paragraph.

2.    In response to Paragraph 2 of the Complaint, Defendant-Intervenors admit that then-ongoing mineral ore extraction at Colosseum wound down in the early 1990s; admit that Congress established Mojave National Preserve in 1994 via the California Desert Protection Act ("CDPA"); admit that the National Park Service ("NPS") issued a July 14, 1995 letter; and admit that Dateline Resources Ltd. acquired the Colosseum Mine in 2021. Defendant-Intervenors deny the characterization that the 1995 letter was merely a "temporary plan to complete reclamation" and deny any

[Proposed] Answer and Affirmative Defenses of Dateline Resources LTD. and Colosseum Rare Metals, Inc.

JMM | Jeffer Mangels & Mitchell LLP

implication that the only intent was to "reopen" the mine without rights. Defendant-Intervenors hold valid existing rights under federal law and a vested right under state law to mine. Except as admitted, Defendant-Intervenors deny the allegations of this Paragraph.

3. In response to Paragraph 3 of the Complaint, Defendant-Intervenors admit that the National Park Service sent communications to Dateline concerning Colosseum Mine. Defendant-Intervenors deny that they conducted unauthorized operations and deny that they damaged protected Preserve resources. Except as admitted, Defendant-Intervenors deny the allegations of this Paragraph.

4. In response to Paragraph 4 of the Complaint, Defendant-Intervenors admit that NPS sent an April 3, 2025 letter recognizing CRM's valid existing rights and stating that the BLM-approved Plan of Operations (the "Plan") "remains in effect." Defendant-Intervenors deny the pejorative characterization that NPS "abruptly reversed course without explanation" and deny that the 1985 BLM-approved environmental review and Plan of Operations are "expired." Except as admitted, Defendant-Intervenors deny the allegations of this Paragraph.

5. In response to Paragraph 5 of the Complaint, Defendant-Intervenors deny that the April 2025 Decision is arbitrary, capricious, or violates the Mining in the Parks Act, the California Desert Protection Act, or the National Environmental Policy Act ("NEPA"). Defendant-Intervenors deny that Plaintiff is entitled to any relief. Defendant-Intervenors admit only that Plaintiff seeks the relief described in this Paragraph. Except as admitted, Defendant-Intervenors deny the allegations of this Paragraph.

## JURISDICTION AND VENUE

6. In response to Paragraph 6 of the Complaint, Defendant-Intervenors respond that this Paragraph states legal conclusions to which no response is required. To the extent that one is required, Defendant-Intervenors deny the allegations of this Paragraph.

[Proposed] Answer and Affirmative Defenses of Dateline Resources LTD. and Colosseum Rare Metals, Inc.

7. In response to Paragraph 7 of the Complaint, Defendant-Intervenors respond that this Paragraph states legal conclusions to which no response is required. To the extent that one is required, Defendant-Intervenors deny the allegations of this Paragraph.

8. In response to Paragraph 8 of the Complaint, Defendant-Intervenors respond that this Paragraph states legal conclusions to which no response is required. To the extent that one is required, Defendant-Intervenors deny the allegations of this Paragraph.

## PARTIES

9. In response to Paragraph 9 of the Complaint, Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding NPCA's organizational status, membership numbers, and mission, and on that basis deny the same.

10. In response to Paragraph 10 of the Complaint, Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding NPCA's members' activities and interests in the vicinity of the Colosseum Mine, and on that basis deny the same.

11. In response to Paragraph 11 of the Complaint, Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding NPCA's members' recreational activities and organizational purposes, and on that basis deny the same.

12. In response to Paragraph 12 of the Complaint, Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding NPCA's claimed injuries and on that basis deny the same.

13. In response to Paragraph 13 of the Complaint, Defendant-Intervenors deny the allegations in this Paragraph.

14. In response to Paragraph 14 of the Complaint, Defendant-Intervenors admit the description of the U.S. Department of the Interior as a matter of public

[Proposed] Answer and Affirmative Defenses of Dateline Resources LTD. and Colosseum Rare Metals, Inc.

record. To the extent this Paragraph asserts legal duties or conclusions, no response is required. Except as admitted, Defendant-Intervenors deny the allegations of this Paragraph.

15.    In response to Paragraph 15 of the Complaint, Defendant-Intervenors admit that Doug Burgum is the Secretary of the U.S. Department of the Interior and is sued in his official capacity.

16.    In response to Paragraph 16 of the Complaint, Defendant-Intervenors admit that the National Park Service is the administrative agency within the Department of the Interior responsible for managing the National Park System, including Mojave National Preserve.

17.    In response to Paragraph 17 of the Complaint, Defendant-Intervenors admit that Jessica Bowron is the Comptroller for the National Park Service currently exercising the delegated authority of the Director and is sued in her official capacity.

18.    In response to Paragraph 18 of the Complaint, Defendant-Intervenors admit that Kevin Schluckebier is the Acting Superintendent of Mojave National Preserve and is sued in his official capacity.

<u>**FACTUAL BACKGROUND**</u>

**I.    Mojave National Preserve**

19.    In response to Paragraph 19 of the Complaint, the statute quoted therein speaks for itself and no response is required. To the extent a response is required, Defendant-Intervenors deny any characterization inconsistent with the statute's text and any implication that Plaintiff may be attempting to draw concerning Defendant-Intervenors' rights.

20.    In response to Paragraph 20 of the Complaint, the statute quoted therein speaks for itself and no response is required. To the extent a response is required, Defendant-Intervenors deny any characterization inconsistent with the statute's text and any implication that Plaintiff may be attempting to draw concerning Defendant-Intervenors' rights.

[Proposed] Answer and Affirmative Defenses of Dateline Resources LTD. and Colosseum Rare Metals, Inc.

21.     In response to Paragraph 21 of the Complaint, Defendant-Intervenors admit that the Mojave National Preserve is located between Los Angeles and Las Vegas and contains congressionally designated wilderness. Defendant-intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in this Paragraph and therefore deny them.

22.     In response to Paragraph 22 of the Complaint, Defendant-Intervenors admit that the Mojave National Preserve contains various desert ecosystems. Defendant-intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in this Paragraph and therefore deny them.

23.     In response to Paragraph 23 of the Complaint, Defendant-Intervenors admit that a portion of the Mojave National Preserve may include cultural artifacts but denies that the description in this Paragraph applies to the site of the Colosseum Mine. Except as admitted, Defendant-Intervenors deny the allegations of this Paragraph.

## II.     Colosseum Mine

24.     In response to Paragraph 24 of the Complaint, Defendant-Intervenors admit that the Colosseum Mine is located on the northeast slope of the Clark Mountains, within a discontiguous portion of Mojave National Preserve north of Interstate 15. The remaining allegations in this Paragraph are vague, and Defendant-Intervenors deny them. Except as admitted, Defendant-Intervenors deny the allegations of this Paragraph.

25.     In response to Paragraph 25 of the Complaint, Defendant-Intervenors admit that the Colosseum Mine operated as a gold and silver mine historically, that non-strategic metal mining was curtailed during World War II consistent with War Production Board orders, and that higher gold prices later attracted investment to convert to open-pit mining. Except as admitted, Defendant-Intervenors deny the allegations of this Paragraph.

[Proposed] Answer and Affirmative Defenses of Dateline Resources LTD. and Colosseum Rare Metals, Inc.

26. In response to Paragraph 26 of the Complaint, Defendant-Intervenors admit that Draco Mines performed exploration drilling in the early 1970s, that Amselco leased the property from Draco Mines in 1982, and that Amselco conducted drilling and feasibility studies between 1982 and 1984. Except as admitted, Defendant-Intervenors deny the allegations of this Paragraph.

27. In response to Paragraph 27 of the Complaint, Defendant-Intervenors admit that Dallhold Resources, Inc. acquired Colosseum Mine and converted the facility to include a North Pit and South Pit with processing facilities, and that Dallhold eventually became part of Bond International Gold, Inc. Except as admitted, Defendant-Intervenors deny the allegations of this Paragraph.

28. In response to Paragraph 28 of the Complaint, Defendant-Intervenors admit that in November 1989, LAC Minerals, Ltd. acquired Colosseum Mine through its purchase of Bond International Gold, Inc.'s properties and that Colosseum, Inc., a subsidiary of LAC Minerals, operated the mine until 1993. Except as admitted, Defendant-Intervenors deny the allegations of this Paragraph.

29. In response to Paragraph 29 of the Complaint, Defendant-Intervenors admit that then-ongoing mineral ore extraction operations halted in 1992 and the Mine began reclamation operations in 1993. Defendant-Intervenors deny any implication that this constituted abandonment or termination of the operative Plan of Operations. Except as admitted, Defendant-Intervenors deny the allegations of this Paragraph.

30. In response to Paragraph 30 of the Complaint, Defendant-Intervenors admit that Barrick Gold Corporation acquired the Colosseum Mine in 1996 and that Dateline Resources Ltd. acquired the Colosseum Mine from Barrick in 2021. Except as admitted, Defendant-Intervenors deny the allegations of this Paragraph.

31. In response to Paragraph 31 of the Complaint, Defendant-Intervenors admit that there is an open South Pit, that two patented claims (Colosseum 1 and Colosseum 2, patented in 1888) are located on and near the South Pit, and that the Mine can be accessed by Colosseum Road. Defendant-Intervenors deny the precise

[Proposed] Answer and Affirmative Defenses of Dateline Resources LTD. and Colosseum Rare Metals, Inc.

Jeffer Mangels & Mitchell LLP — JMM

dimensions specified in this Paragraph to the extent that they are not supported by the documentary record. Except as admitted, Defendant-Intervenors deny the allegations of this Paragraph.

**STATUTORY BACKGROUND**

**I.      The Mining in the Parks Act of 1976**

32.      In response to Paragraph 32 of the Complaint, the statute quoted therein speaks for itself and no response is required. To the extent a response is required, Defendant-Intervenors deny any characterization inconsistent with the statute's text and any implication that Plaintiff may be attempting to draw concerning Defendant-Intervenors' rights.

33.      In response to Paragraph 33 of the Complaint, the statute quoted therein speaks for itself and no response is required. To the extent a response is required, Defendant-Intervenors deny any characterization inconsistent with the statute's text and any implication that Plaintiff may be attempting to draw concerning Defendant-Intervenors' rights.

34.      In response to Paragraph 34 of the Complaint, the regulation quoted therein speaks for itself and no response is required. To the extent a response is required, Defendant-Intervenors deny any characterization inconsistent with the regulation's text and any implication that Plaintiff may be attempting to draw concerning Defendant-Intervenors' rights.

35.      In response to Paragraph 35 of the Complaint, the regulation quoted therein speaks for itself and no response is required. To the extent a response is required, Defendant-Intervenors deny any characterization inconsistent with the regulation's text and any implication that Plaintiff may be attempting to draw concerning Defendant-Intervenors' rights.

36.      In response to Paragraph 36 of the Complaint, the regulation quoted therein speaks for itself and no response is required. To the extent a response is required, Defendant-Intervenors deny any characterization inconsistent with the

[Proposed] Answer and Affirmative Defenses of Dateline Resources LTD. and Colosseum Rare Metals, Inc.

JMM | Jeffer Mangels & Mitchell LLP

regulation's text and any implication that Plaintiff may be attempting to draw concerning Defendant-Intervenors' rights.

## II.   <u>The California Desert Protection Act of 1994</u>

37.   In response to Paragraph 37 of the Complaint, the statute quoted therein speaks for itself and no response is required. To the extent a response is required, Defendant-Intervenors deny any characterization inconsistent with the statute's text and any implication that Plaintiff may be attempting to draw concerning Defendant-Intervenors' rights.

38.   In response to Paragraph 38 of the Complaint, the statute quoted therein speaks for itself and no response is required. To the extent a response is required, Defendant-Intervenors deny any characterization inconsistent with the statute's text and any implication that Plaintiff may be attempting to draw concerning Defendant-Intervenors' rights.

39.   In response to Paragraph 39 of the Complaint, Defendant-Intervenors respond that this Paragraph states legal conclusions to which no response is required. To the extent that one is required, Defendant-Intervenors deny the allegations of this Paragraph.

40.   In response to Paragraph 40 of the Complaint, the statute quoted therein speaks for itself and no response is required. To the extent a response is required, Defendant-Intervenors deny any characterization inconsistent with the statute's text and any implication that Plaintiff may be attempting to draw concerning Defendant-Intervenors' rights.

41.   In response to Paragraph 41 of the Complaint, Defendant-Intervenors admit that BLM generally has responsibility for conducting validity determinations on unpatented mining claims throughout the National Park System. Defendant-Intervenors deny any implication that a validity determination is a precondition to Defendant-Intervenors' exercise of valid existing rights encompassed within its previously approved plan of operations. CDPA Section 509 speaks for itself. Except

[Proposed] Answer and Affirmative Defenses of Dateline Resources LTD. and Colosseum Rare Metals, Inc.

Jeffer Mangels & Mitchell LLP
JMM

as admitted, Defendant-Intervenors deny the allegations of this Paragraph.

**III.    The National Environmental Policy Act of 1969**

42.    In response to Paragraph 42 of the Complaint, the statute quoted therein speaks for itself and no response is required. To the extent a response is required, Defendant-Intervenors deny any characterization inconsistent with the statute's text and any implication that Plaintiff may be attempting to draw concerning Defendant-Intervenors' rights.

43.    In response to Paragraph 43 of the Complaint, the statute quoted therein speaks for itself and no response is required. To the extent a response is required, Defendant-Intervenors deny any characterization inconsistent with the statute's text and any implication that Plaintiff may be attempting to draw concerning Defendant-Intervenors' rights.

44.    In response to Paragraph 44 of the Complaint, the judicial decision in *Marsh v. Oregon Nat. Res. Council*, 490 U.S. 360 (1989) speaks for itself and no response is required. Defendant-Intervenors deny any characterization of this judicial decision that is inconsistent with the text or any implication that Plaintiff may be attempting to draw concerning Defendant-Intervenors' rights.

<u>**PROCEDURAL BACKGROUND**</u>

45.    In response to Paragraph 45 of the Complaint, Defendant-Intervenors admit that in 1976 the Federal Land Policy and Management Act granted BLM jurisdiction over the federal land underlying the Colosseum Mine.

46.    In response to Paragraph 46 of the Complaint, the regulation quoted therein speaks for itself and no response is required. To the extent a response is required, Defendant-Intervenors deny any characterization inconsistent with the statute's text and any implication that Plaintiff may be attempting to draw concerning Defendant-Intervenors' rights.

47.    In response to Paragraph 47 of the Complaint, Defendant-Intervenors admit that BLM approved a plan of operations for Colosseum Mine in 1982 and

[Proposed] Answer and Affirmative Defenses of Dateline Resources LTD. and Colosseum Rare Metals, Inc.

amended and modified it several times between 1982 and 1987, culminating in the Third Modification and Reclamation Plan and Plan of Operations approved September 10, 1985 in BLM Decision Record 3800-EIS-85-69-1792-1 (as amended) (the "BLM Approved Plan"). Except as admitted, Defendant-Intervenors deny the allegations of this Paragraph.

48.    In response to Paragraph 48 of the Complaint, the document quoted therein speaks for itself and no response is required. To the extent a response is required, Defendant-Intervenors deny any characterization inconsistent with the document's text and any implication that Plaintiff may be attempting to draw concerning Defendant-Intervenors' rights. Defendant-Intervenors admit that BLM has not conducted a validity determination for the unpatented claims but deny any implication that a validity determination is required for Defendant-Intervenors to exercise valid existing rights under an approved plan. Except as expressly admitted, Defendant-Intervenors deny the allegations of this Paragraph.

49.    In response to Paragraph 49 of the Complaint, the documents referenced therein speak for themselves. Defendant-Intervenors admit that in 1985 state and federal authorities finalized a joint Environmental Impact Statement and Environmental Impact Report ("EIS/EIR") under the National Environmental Policy Act and the California Environmental Quality Act, and that in 1987 BLM prepared an additional environmental assessment for the access road, powerline, and pipeline. Except as admitted, Defendant-Intervenors deny the allegations of this Paragraph.

50.    In response to Paragraph 50 of the Complaint, the EIS/EIR record of decision and plan speak for themselves. Defendant-Intervenors admit that the EIS/EIR discussed an anticipated project life of approximately 11 to 12 years but deny any implication that the BLM Approved Plan or the valid existing rights created by that Plan expired by passage of time or that the rights terminated upon exhaustion of the then-identified ore. The BLM Approved Plan expressly contemplated suspension and resumption of mining based on economic conditions. Except as admitted,

80672852

11

Case No. 2:26-cv-4002-CAS-AS

[Proposed] Answer and Affirmative Defenses of Dateline Resources LTD. and Colosseum Rare Metals, Inc.

Defendant-Intervenors deny the allegations of this Paragraph.

51.    In response to Paragraph 51 of the Complaint, the BLM Approved Plan speaks for itself. Defendant-Intervenors deny the implication that the Plan expired or that Defendant-Intervenors' vested existing rights could be terminated. Except as admitted, Defendant-Intervenors deny the allegations of this Paragraph.

52.    In response to Paragraph 52 of the Complaint, Defendant-Intervenors admit that then-ongoing mineral ore extraction operations at the Colosseum Mine halted in 1992 and the Mine began reclamation operations, with milling continuing on-site until 1993.

53.    In response to Paragraph 53 of the Complaint, Defendant-Intervenors admit that in 1994 the CDPA created Mojave National Preserve and transferred jurisdiction over the federal land underlying the Colosseum Mine from BLM to the NPS, subject to valid existing rights.

54.    In response to Paragraph 54 of the Complaint, the July 14, 1995 letter from NPS Field Director Stanley Albright speaks for itself. Defendant-Intervenors deny any characterization inconsistent with the letter's text and any implication that Plaintiff may be attempting to draw concerning Defendant-Intervenors' rights. Except as admitted, Defendant-Intervenors deny the allegations in this Paragraph.

55.    In response to Paragraph 55 of the Complaint, the document referenced therein speaks for itself. Defendant-Intervenors admit that in October 1995 the then-operators of Colosseum Mine submitted a Closure Plan to the California Regional Water Quality Control Board, Lahontan Region. Defendant-Intervenors deny any characterization inconsistent with the documents' text and any implication that Plaintiff may be attempting to draw concerning Defendant-Intervenors' rights. Except as admitted, Defendant-Intervenors deny the allegations in this Paragraph.

56.    In response to Paragraph 56 of the Complaint, Defendant-Intervenors admit that on February 8, 1996, the Lahontan Regional Water Quality Control Board issued Order No. 6-96-11. The Order speaks for itself. Defendant-Intervenors deny

any characterization inconsistent with the Order's text and any implication that Plaintiff may be attempting to draw concerning Defendant-Intervenors' rights. Except as expressly admitted, Defendant-Intervenors deny the allegations in this Paragraph.

57.    In response to Paragraph 57 of the Complaint, Defendant-Intervenors admit that Dateline Resources Ltd. acquired the Colosseum Mine in 2021, effective October 2021.

58.    In response to Paragraph 58 of the Complaint, Defendant-Intervenors admit that a Mojave National Preserve ranger observed contractors demobilizing drilling equipment on May 2, 2022. Defendant-Intervenors deny that these activities were unauthorized or required an NPS permit. Except as admitted, Defendant-Intervenors deny the allegations in this Paragraph.

59.    In response to Paragraph 59 of the Complaint, Defendant-Intervenors admit that NPS conducted an inspection in May 2022 and that road maintenance and clearing occurred along the access road. Defendant-Intervenors deny that the activities were "unpermitted" or constituted unlawful road maintenance, or that they caused unlawful vegetation damage. Defendant-Intervenors deny the pejorative damage characterizations. Except as admitted, Defendant-Intervenors deny the allegations in this Paragraph.

60.    In response to Paragraph 60 of the Complaint, Defendant-Intervenors admit that the NPS Superintendent sent a June 6, 2022 letter. The letter speaks for itself. Except as admitted, Defendant-Intervenors deny the allegations in this Paragraph.

61.    In response to Paragraph 61 of the Complaint, Defendant-Intervenors admit that NPS issued Special Use Permit NPS-MOJA-5300-23-0011 on February 2, 2023. The permit speaks for itself. Except as admitted, Defendant-Intervenors deny the allegations in this Paragraph.

62.    In response to Paragraph 62 of the Complaint, Defendant-Intervenors admit that NPS issued a February 8, 2023 letter. The letter speaks for itself. Except as

[Proposed] Answer and Affirmative Defenses of Dateline Resources LTD. and Colosseum Rare Metals, Inc.

JMM | Jeffer Mangels & Mitchell LLP

admitted, Defendant-Intervenors deny the allegations in this Paragraph.

63. In response to Paragraph 63 of the Complaint, Defendant-Intervenors admit that an NPS ranger encountered contractors performing roadwork on Colosseum Road in March 2023. Except as admitted, Defendant-Intervenors deny the allegations in this Paragraph.

64. In response to Paragraph 64 of the Complaint, Defendant-Intervenors admit that NPS sent a March 31, 2023 letter. The letter speaks for itself. Except as admitted, Defendant-Intervenors deny the allegations in this Paragraph.

65. In response to Paragraph 65 of the Complaint, Defendant-Intervenors admit that the NPS sent Dateline a letter dated June 9, 2023. The letter speaks for itself. Except as admitted, Defendant-Intervenors deny the allegations in this Paragraph.

66. In response to Paragraph 66 of the Complaint, Defendant-Intervenors admit that the NPS sent Dateline a letter dated June 9, 2023. The letter speaks for itself. Except as admitted, Defendant-Intervenors deny the allegations in this Paragraph.

67. In response to Paragraph 67 of the Complaint, Defendant-Intervenors admit that the NPS sent Dateline a letter dated June 9, 2023. The letter speaks for itself. Except as admitted, Defendant-Intervenors deny the allegations in this Paragraph.

68. In response to Paragraph 68 of the Complaint, Defendant-Intervenors admit that NPS issued a July 21, 2023 System Unit Resources Protection Act ("SURPA") demand for $213,387 and renewed it by a May 9, 2024 email, and that Defendant-Intervenors requested additional time to respond on July 24, 2024 and in October 2024 requested that a settlement discussion take place. Except as admitted, Defendant-Intervenors deny the allegations in this Paragraph.

69. In response to Paragraph 69 of the Complaint, Defendant-Intervenors admit that President Donald J. Trump took office on January 20, 2025.

70.    In response to Paragraph 70 of the Complaint, Defendant-Intervenors admit that NPS Acting Director Jessica Bowron sent a letter to Kerry Shapiro dated April 3, 2025. The letter speaks for itself. Defendant-Intervenors admit that in the letter, the NPS recognized CRM's valid existing rights, stated the BLM Approved Plan "remains in effect," stated NPS did not require a validity examination for activities encompassed by the existing Plan absent a new plan of operations, and superseded contrary communications from the NPS. Defendant-Intervenors deny any characterization that this recognition was unlawful or unexplained.

71.    In response to Paragraph 71 of the Complaint, Defendant-Intervenors admit that on April 8, 2025, BLM issued a press release. The press release speaks for itself.

72.    In response to Paragraph 72 of the Complaint, Defendant-Intervenors admit that in a letter to Dateline dated April 10, 2025, the Superintendent of Mojave national preserve sent a letter to Dateline recognizing Dateline's valid existing rights and rescinding SURPA's demand for damages. The letter speaks for itself.

73.    In response to Paragraph 73 of the Complaint, Defendant-Intervenors admit that President Trump made a post on his official Truth Social platform concerning the Colosseum Mine. The post speaks for itself.

74.    In response to Paragraph 74 of the Complaint, Defendant-Intervenors admit that Defendant-Intervenors performed additional work at Colosseum Mine in reliance on their valid existing rights that the governmental agencies recognized in April 2025. Plaintiff's characterizations of that work are too vague to admit or deny. Except as admitted, Defendant-Intervenors deny the allegations in this Paragraph.

## FIRST CAUSE OF ACTION

### (Violation of the Mining in the Parks Act)

75.    In response to Paragraph 75 of the Complaint, Defendant-Intervenors incorporate their foregoing responses as though fully set forth herein.

76.    In response to Paragraph 76 of the Complaint, this Paragraph states legal

conclusions to which no response is required.

77.    In response to Paragraph 77 of the Complaint, this Paragraph states legal conclusions to which no response is required.

78.    In response to Paragraph 78 of the Complaint, Defendant-Intervenors deny the allegations in this Paragraph.

79.    In response to Paragraph 79 of the Complaint, this Paragraph states legal conclusions to which no response is required.

80.    In response to Paragraph 80 of the Complaint, Defendant-Intervenors admit that NPS has not separately approved a new Part 9A plan because none is required. Except as expressly admitted, Defendant-Intervenors deny the allegations of this Paragraph.

81.    In response to Paragraph 81 of the Complaint, Defendant-Intervenors deny the allegations of this Paragraph.

82.    In response to Paragraph 82 of the Complaint, Defendant-Intervenors deny the allegations of this Paragraph.

83.    In response to Paragraph 83 of the Complaint, this Paragraph states legal conclusions to which no response is required.

84.    In response to Paragraph 84 of the Complaint, the documents that Plaintiff is referencing speak for themselves. Except as expressly admitted, Defendant-Intervenors deny the allegations of this Paragraph.

## SECOND CAUSE OF ACTION

### (Violation of the California Desert Protection Act)

85.    In response to Paragraph 85 of the Complaint, Defendant-Intervenors incorporate their foregoing responses as though fully set forth herein.

86.    In response to Paragraph 86 of the Complaint, this Paragraph states legal conclusions to which no response is required.

87.    In response to Paragraph 87 of the Complaint, the statute quoted therein speaks for itself and no response is required. To the extent a response is required,

[Proposed] Answer and Affirmative Defenses of Dateline Resources LTD. and Colosseum Rare Metals, Inc.

Defendant-Intervenors deny any characterization inconsistent with the statute's text and any implication that Plaintiff may be attempting to draw concerning Defendant-Intervenors' rights.

88.     In response to Paragraph 88 of the Complaint, Defendant-Intervenors deny the allegations of this Paragraph.

89.     In response to Paragraph 89 of the Complaint, Defendant-Intervenors deny the allegations of this Paragraph.

90.     In response to Paragraph 90 of the Complaint, Defendant-Intervenors deny the allegations of this Paragraph.

91.     In response to Paragraph 91 of the Complaint, Defendant-Intervenors deny the allegations of this Paragraph.

### THIRD CAUSE OF ACTION

92.     In response to Paragraph 92 of the Complaint, Defendant-Intervenors incorporate their foregoing responses as though fully set forth herein.

93.     In response to Paragraph 93 of the Complaint, this Paragraph states legal conclusions to which no response is required.

94.     In response to Paragraph 94 of the Complaint, Defendant-Intervenors deny the allegations of this Paragraph.

95.     In response to Paragraph 95 of the Complaint, Defendant-Intervenors admit that Defendant-Intervenors did not prepare any statement or analysis evaluating the environmental impact of the April 2025 recognition of Defendant-Intervenors' valid existing rights but deny that this violated NEPA. Except as admitted, Defendant-Intervenors deny the allegations of this Paragraph.

96.     In response to Paragraph 96 of the Complaint, Defendant-Intervenors deny the allegations of this Paragraph.

[Proposed] Answer and Affirmative Defenses of Dateline Resources LTD. and Colosseum Rare Metals, Inc.

JMM | Jeffer Mangels & Mitchell LLP

## GENERAL DENIAL OF PRAYER FOR RELIEF

Defendant-Intervenors deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief of the Complaint.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that properly belongs to Plaintiff, Defendant-Intervenors assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

1. The Complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

#### (Lack of Standing / No Justiciable Case or Controversy)

2. NPCA lacks Article III standing because it cannot establish concrete, particularized, imminent injury-in-fact fairly traceable to the challenged action and redressable by the requested relief.

### THIRD AFFIRMATIVE DEFENSE

#### (No Reviewable Final Agency Action / Not Ripe)

3. The April 2025 letters recognizing valid existing rights and rescinding the SURPA demand are not "final agency action" authorizing new mining operations within the meaning of 5 U.S.C. § 704. The claims are unripe, and any future plan-of-operations review is committed to agency processes.

### FOURTH AFFIRMATIVE DEFENSE

#### (Valid Existing Rights Under the California Desert Protection Act)

4. The Colosseum Mine is subject to valid existing rights expressly preserved by CDPA Sections 507, 508, and 509 (16 U.S.C. §§ 410aaa-47, -48, -49).

### FIFTH AFFIRMATIVE DEFENSE

#### (Agency Action Authorized by Law and Not Arbitrary or Capricious)

5. The agency determinations recognizing Defendant-Intervenors' valid

existing rights are entitled to deference and are not arbitrary, capricious, or an abuse of discretion.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

6.      Plaintiff unreasonably delayed in challenging the longstanding recognition of the BLM Approved Plan and the Colosseum Mine's status, to the prejudice of Defendant-Intervenors, who have relied on agency recognition of their rights and made significant investments based on that recognition. For this reason, among others, Plaintiff's claims are barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

7.      To the extent the Complaint challenges agency actions or determinations occurring more than six years before filing (e.g., the 1985 BLM Plan approval, the 1995 NPS authorization), the claims are barred by 28 U.S.C. § 2401(a).

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

8.      Plaintiff unreasonably delayed in challenging the longstanding recognition of the BLM Approved Plan and the Colosseum Mine's status, on which Defendant-Intervenors reasonably and detrimentally relied, and Plaintiff is estopped from making those claims now.

## NINTH AFFIRMATIVE DEFENSE

### (Continuous Maintenance / No Abandonment)

9.      The Colosseum Mine has never been abandoned. The owners and predecessors-in-interest expressly reserved the right to resume mining and continuously maintained the unpatented mining claims and mill sites (including required filings, assessments, and fees), reclamation plans, financial assurances, and water-quality monitoring, among other things, for over three decades.

[Proposed] Answer and Affirmative Defenses of Dateline Resources LTD. and Colosseum Rare Metals, Inc.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

10.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Injury)

11.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has not been injured.

## TWELFTH AFFIRMATIVE DEFENSE

### (Plaintiff's Injuries Not Caused by Defendant-Intervenors / Intervening Acts)

12.     Any alleged injury is attributable to lawful exercise of valid existing rights and/or independent regulatory requirements and not to any unlawful conduct by Defendant-Intervenors.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

13.     Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Defenses)

14.     Defendant-Intervenors presently have insufficient knowledge and information on which to form a belief as to whether there exists additional, as yet unstated, affirmative defenses. Defendant-Intervenors therefore reserve the right to assert additional affirmative defenses at a later date.

## PRAYER FOR RELIEF OF DEFENDANT-INTERVENORS

WHEREFORE, Defendant-Intervenors Dateline Resources Ltd. and Colosseum Rare Metals, Inc. respectfully pray that this Court enter judgment in their favor and against Plaintiff as follows:

1.     Deny all relief requested by Plaintiff in the Complaint;

[Proposed] Answer and Affirmative Defenses of Dateline Resources LTD. and Colosseum Rare Metals, Inc.

2. Dismiss the Complaint with prejudice;

3. Enter judgment in favor of Defendants and Defendant-Intervenors on all claims;

4. Award Defendant-Intervenors their costs of suit, including reasonable attorneys' fees to the extent permitted by law; and

5. Grant such other and further relief as the Court deems just and proper.

DATED:  July 1, 2026    JEFFER MANGELS & MITCHELL LLP
            KERRY SHAPIRO
            MICHAEL H. STRUB, JR.

By:    _/s/ Kerry Shapiro_
      KERRY SHAPIRO

HOLLAND & HART LLP
MURRAY FELDMAN
JENNIFER SCHELLER NEUMANN
AMELIA YOWELL
ANDREA J. DRIGGS

By:    _/s/ Murray Feldman_
      MURRAY FELDMAN

Attorneys for Proposed Intervenor-Defendants Dateline Resources Ltd. and Colosseum Rare Metals, Inc.

JMM | Jeffer Mangels & Mitchell LLP