GREGORY C. LOARIE (CA Bar No. 215859)
gloarie@earthjustice.org
KATRINA A. TOMAS (CA Bar No. 329803)
ktomas@earthjustice.org
EARTHJUSTICE
1 Sansome Street, Suite 1700
San Francisco, California 94104
T: (415) 217-2000 ● F: (415) 217-2040

GABRIEL F. GREIF (CA Bar No. 341537)
ggreif@earthjustice.org
EARTHJUSTICE
707 Wilshire Blvd., Ste. 4300
Los Angeles, CA 90017
T: (415) 217-2000 ● F: (415) 217-2040

*Counsel for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF THE INTERIOR, *et al.,* <br><br> Defendants. | No.: 2:26-cv-4002-CAS-AS <br><br> **PLAINTIFF'S RESPONSE TO MOTION TO INTERVENE** <br><br> Date: August 3, 2026 <br> Time: 10:00 AM <br> Judge: Hon. Christina A. Snyder |

Dateline Resources Ltd. and its wholly owned subsidiary, Colosseum Rare Metals, Inc. (collectively, CRM) have moved to intervene as defendants in this lawsuit. Dkt. No. 23. While plaintiff National Parks Conservation Association (NPCA) disputes many of the factual and legal assertions proffered by CRM in

1

support of its motion, NPCA does not oppose CRM's intervention by permission under Federal Rule of Civil Procedure 24(b). NPCA takes no position as to whether CRM is entitled to intervene as of right under Federal Rule of Civil Procedure 24(a).

Should the Court grant CRM intervention in this case, NPCA submits the Court should impose two reasonable conditions on CRM's participation. First, the Court should order CRM to coordinate its briefing with the federal defendants to avoid unnecessary duplication of arguments. Second, the Court should prohibit CRM from seeking discovery or otherwise attempting to introduce evidence outside of the administrative record.

The Court's authority to impose conditions on intervention is well established. Even intervention as of right under Rule 24(a) "may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings." Fed. R. Civ. P. 24, Advisory Committee notes to the 1966 Amendment. Ultimately, "the primary limitation on the district court's discretion is that any conditions imposed [on intervention] should be designed to ensure the fair, efficacious, and prompt resolution of the litigation." *WildEarth Guardians v. Salazar*, 272 F.R.D. 4, 20 (D.D.C. 2010).

The two conditions on intervention proposed by NPCA are appropriate and will help ensure the fair and efficacious resolution of this litigation. Courts often require proposed defendant-intervenors like CRM "to take special efforts to ensure that their briefing and arguments are not redundant with those of the Federal Defendants . . . and that page limitations are not bypassed through the splitting up of arguments." *W. Watersheds Project v. Zinke*, No. 1:18-cv-00187-RFB, 2018 WL 6816048, at *3 (D. Idaho Dec. 27, 2018); *see also Picayune Rancheria of Chukchansi Indians v. Yosemite Bank*, No. 1:13-cv-0831-LJO-MJS, 2013 WL 5154258, at *5 (E.D. Cal. Sept. 10, 2013) (conditioning intervention "upon the requirement that proposed intervenor coordinate in detail with the existing parties to avoid duplicative briefing"). Prohibiting CRM from seeking discovery or otherwise attempting to introduce outside

the administrative record underlying the final agency action at issue is likewise appropriate. *See, e.g., Bark v. Northrop,* No. 3:13-CV-01267-HZ, 2013 WL 6576306, at *7 (D. Or. Dec. 12, 2013) (granting a timber purchaser leave to intervene in lawsuit brought under the APA, but "precluding it from conducting discovery"). Indeed, "an intervenor is admitted to the proceeding as it stands" and "is not permitted to enlarge those issues or compel an alteration of the nature of the proceeding." *Vinson v. Washington Gas Light Co.,* 321 U.S. 489, 498 (1944).

NPCA is submitting herewith a proposed order granting intervention subject to the conditions described above.  Subject to those conditions, NPCA does not oppose CRM's motion to intervene by permission under Federal Rule of Civil Procedure 24(b).

Respectfully submitted,

GREGORY C. LOARIE (CA Bar No. 215859)
gloarie@earthjustice.org

Dated: July 8, 2026          /s/ Katrina A. Tomas
KATRINA A. TOMAS (CA Bar No. 329803)
ktomas@earthjustice.org
EARTHJUSTICE
1 Sansome Street, Suite 1700
San Francisco, California 94104
T: (415) 217-2000 ● F: (415) 217-2040

GABRIEL F. GREIF (CA Bar No. 341537)
ggreif@earthjustice.org
EARTHJUSTICE
707 Wilshire Blvd., Ste. 4300
Los Angeles, CA 90017
T: (415) 217-2000 ● F: (415) 217-2040

*Counsel for Plaintiff*

PLAINTIFF'S RESPONSE TO MOTION TO INTERVENE