JEFFER MANGELS & MITCHELL LLP
KERRY SHAPIRO (Bar No. 133912)
*kshapiro@jeffer.com*
MICHAEL H. STRUB, JR. (Bar No. 153828)
*MStrub@jeffer.com*
HA CHUNG (Bar No. 332571)
*hchung@jeffer.com*
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone: (949) 623-7200
Facsimile: (949) 623-7202

HOLLAND & HART LLP
MURRAY FELDMAN (pro hac pending)
*mfeldman@hollandhart.com*
JENNIFER SCHELLER NEUMANN (pro hac pending)
*jsneumann@hollandhart.com*
AMELIA YOWELL (pro hac pending)
*AGYowell@hollandhart.com*
ANDREA J. DRIGGS (Bar No. 223224)
*AJDriggs@hollandhart.com*
800 W. Main Street, Suite 1750
Boise, Idaho 83702
Telephone: (208) 342-5000
Facsimile: (208) 343-8869

Attorneys for DATELINE RESOURCES LTD. and COLOSSEUM RARE METALS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF THE INTERIOR, et al. <br><br> Defendants. | Case No. 2:26-cv-4002-CAS-AS <br><br> **REPLY OF COLOSSEUM RARE METALS, INC. AND DATELINE RESOURCES LTD.'S TO PLAINTIFF NATIONAL PARKS CONSERVATION ASSOCIATION'S RESPONSE TO MOTION TO INTERVENE** <br><br> Date:   August 3, 2026 <br> Time:   10:00 a.m. <br> Judge:  Hon. Christina A. Snyder |

Jeffer Mangels & Mitchell LLP

Dateline Resources Ltd. and Colosseum Rare Metals, Inc. (collectively, "CRM") respectfully submit this reply in support of their Notice of Motion and Motion to Intervene as a defendant, ECF No. 23, and Ex Parte Application for Leave to File an Opposition to the Motion for Preliminary Injunction filed by plaintiff National Parks Conservation Association ("NPCA"), ECF No. 25. NPCA does not oppose CRM's request for permissive intervention under Federal Rule of Civil Procedure 24(b) and takes no position on CRM's motion to intervene as of right. ECF No. 26 at 2; ECF No. 27 at 2. However, NPCA requests that the Court impose two conditions on CRM's intervention: (1) that CRM be required to "coordinate its briefing with the federal defendants to avoid unnecessary duplication of arguments," and (2) that CRM be "prohibit[ed] … from seeking discovery or otherwise attempting to introduce evidence outside of the administrative record." *Id.*

CRM requests that it be permitted to intervene as of right under Federal Rule of Civil Procedure 24(a) and that the Court deny the conditions on intervention that NPCA seeks to impose. Neither requested condition is reasonable.

A. **CRM will coordinate its briefing with the federal defendants but should not be ordered to do so**

CRM does not intend to provide duplicative arguments to the Court and will coordinate with the federal defendants to the extent that time and circumstances permit. NPCA's request that the Court order CRM to "coordinate its briefing with the federal defendants to avoid unnecessary duplication of arguments," ECF No. 26-1, is therefore unnecessary. And an order requiring CRM to do this is vague. *E.g., San Luis Obispo Cnty. Homeless Union v. Cnty of San Luis Obispo,* No. 2:24-CV-00616-AB-MAA, 2024 WL 5504866, at *4 (C.D. Cal. Mar. 15, 2024) ("the Court will not order the County and third-parties to engage in the open-ended meet and confer process, based on vague and unenforceable standards, that Plaintiffs seek").

Moreover, this is not a case in which there are multiple intervenors. CRM is the only intervenor, and allowing CRM to file a separate brief should not unduly burden

JMM | Jeffer Mangels & Mitchell LLP

the Court. The Ninth Circuit has long recognized that private and public entity interests are sufficiently different to warrant independent participation. *See Sw. Ctr. for Biological Diversity v. Berg,* 268 F.3d 810, 823–24 (9th Cir. 2001) ("The interests of government and the private sector may diverge. On some issues Applicants will have to express their own unique private perspectives and in essence carry forward their own interests"); *Citizens for Balanced Use v. Mont. Wilderness Ass'n,* 647 F.3d 893, 898–99 (9th Cir. 2011) (holding that private parties may have interests that diverge from government defendants).

None of the cases on which NPCA relies support its request for an order requiring coordination. In *Western Watersheds Project v. Zinke,* No. 1:18-cv-00187-REB, 2018 WL 6816048 (D. Idaho Dec. 27, 2018), the court granted an unopposed motion to intervene and required the intervenor's counsel "to take special efforts to ensure that their briefing and arguments are not redundant with those of the Federal Defendants and Defendant-Intervenors, and that page limitations are not bypassed through the splitting up of arguments." *Id.* at *3. The court did not impose specific page limits on the intervenor. Moreover, *Western Watersheds* already involved multiple defendant-intervenors: the State of Wyoming and Western Energy Alliance were already intervenors before Jonah Energy sought to intervene. Here, CRM is the sole proposed defendant-intervenor.

In *WildEarth Guardians v. Salazar,* 272 F.R.D. 4, 20 (D.D.C. 2010), three separate entities sought intervention simultaneously: the State of Wyoming, the National Mining Association, and Antelope Coal LLC. The conditions imposed in that unique context were: (1) meet and confer before filing; (2) confine arguments to existing claims; (3) a 25-page limit on memoranda; and (4) a joint statement of facts for summary judgment. *Id.* at 20. No similar conditions exist in this case.

*Picayune Rancheria of Chukchansi Indians v. Yosemite Bank,* No. 1:13-cv-0831-LJO-MJS, 2013 WL 5154258 (E.D. Cal. Sept. 10, 2013), is a magistrate judge's report and recommendation, not a final decision. NPCA provides no indication

whether the report and recommendation was adopted, what conditions were opposed, or what the ultimate outcome was. Moreover, the condition that the magistrate judge imposed, coordinating with existing parties to avoid duplicative briefing, is a step that CRM intends to follow here, obviating a Court order directing such a step. *See supra* at 2.

### B.    CRM should not be barred from seeking discovery nor from introducing evidence outside of the administrative record

NPCA asks the Court to prohibit CRM from "seeking discovery or otherwise attempting to introduce evidence outside of the administrative record." (ECF No. 26 at 4.) This limitation is improper.

NPCA's argument rests on the premise that an intervenor "is admitted to the proceeding as it stands" and "is not permitted to enlarge those issues or compel an alteration of the nature of the proceeding." (Dkt. No. 26 at 4, quoting *Vinson v. Washington Gas Light Co.,* 321 U.S. 489, 498 (1944).) This authority is inapposite for two independent reasons.

First, *Vinson* is not a Rule 24 judicial intervention case. *Vinson* reviewed intervention proceedings before the District of Columbia Public Utilities Commission, a regulatory body operating under its own procedural rules, not a federal court applying Federal Rule of Civil Procedure 24. The Supreme Court's statement that "one of the most usual procedural rules is that an intervenor is admitted to the proceeding as it stands" was made in the context of interpreting the Commission's own Rule 7.3 (providing that the Commission "may grant the petition upon such conditions and limitations as it may prescribe") and Rule 7.5 (stating that "[t]he granting of a petition to intervene shall not have the effect of changing or enlarging the issues"). *Vinson*'s statement reflects administrative practice before a public utilities commission, not the principles governing judicial intervention under Rule 24.

Second, *Vinson* was decided 82 years ago and predates the substantial development of Rule 24 intervention law. Rule 24 was substantially revised in 1966,

Reply to Plaintiff's Response to Motion to Intervene

and the modern framework for intervention bears little resemblance to the administrative proceedings at issue in *Vinson*. The case therefore fails to reflect the current state of the law regarding the rights and obligations of intervenors in federal court.

In fact, Supreme Court authority directly contradicts NPCA's premise. In *Town of Chester, N.Y. v. Laroe Ests., Inc.,* 581 U.S. 433, 440 (2017), the Court held that "an intervenor of right must have Article III standing in order to pursue relief *that is different from that* which is sought by a party with standing." (Emphasis added.) This necessarily presupposes that an intervenor of right *may* alter the proceedings by seeking different relief, contradicting NPCA's assertion that an intervenor is categorically barred from enlarging issues or altering the nature of the proceeding.

NPCA also relies on *Bark v. Northrop,* No. 3:13-CV-01267-HZ, 2013 WL 6576306 (D. Or. Dec. 12, 2013), for the proposition that a court may preclude an intervenor from seeking discovery. *Bark* is a one-page order in which the district judge adopted a magistrate judge's findings and recommendation without any independent analysis or reasoning. After noting that no objections had been filed, the court stated only: "I find no error." *Id.* at *1. The order provides no explanation, rationale, or legal authority for the conditions imposed. It therefore furnishes no precedential or persuasive basis for this Court to impose a similar condition.

Moreover, the intervenor in *Bark* itself did "not object to an order precluding it from conducting discovery." *Id.* at *7 (F&R). CRM does object.

Finally, the request that CRM be precluded from introducing evidence outside of the administrative record has no relationship at all to CRM's request to intervene and is wrong as a matter of law. It is common in record review cases for parties, including intervenors, to have the opportunity to move to supplement the administrative record with documents that should have been included in the record but are missing. Parties may also request that the Court consider extra-record evidence in limited situations. In *Idaho Conservation League v. Mumma*, 956 F.2d 1508, 1520

Reply to Plaintiff's Response to Motion to Intervene

n.22 (9th Cir. 1992), the court expressly held that "a court may consider evidence outside the administrative record as necessary to explain agency action …. The purpose of the court's enquiry should be to ascertain whether the agency considered all relevant factors or fully explicated its course of conduct or grounds of decision." Courts may look beyond the record in several recognized circumstances, including where the agency failed to consider relevant factors, where the agency's explanation is so unclear that meaningful judicial review is frustrated, or where there is a strong showing of bad faith or improper behavior. *See Lands Council v. Powell,* 395 F.3d 1019, 1030 (9th Cir. 2005) (identifying circumstances in which "courts are permitted to admit extra-record evidence"); *Lands Council v. U.S. Forest Serv.,* 395 F.3d 1019, 1030 (9th Cir. 2004) (same); *Friends of the Earth v. Hintz,* 800 F.2d 822, 828-29 (9th Cir. 1986) ("A court may consider evidence outside the administrative record as necessary to explain agency action"). Notably, even the *Bark* order preserved the intervenor's right to seek to supplement the administrative record. *See Bark,* 2013 WL 6576306, at *7 (allowing intervenor to seek to supplement the administrative record).

The record has not yet been prepared in this case. It is premature to determine whether CRM should be permitted to move to supplement the administrative record before the administrative record has even been compiled. Imposing such a limitation now would prejudice CRM before the scope and adequacy of the administrative record are known. If the record is incomplete or if recognized exceptions to the record-review rule are triggered, CRM must be free to seek appropriate relief at that time.

## C.    Conclusion

For the foregoing reasons, CRM respectfully requests that this Court grant its Motion to Intervene without the conditions proposed by NPCA. The proposed conditions would improperly constrain CRM's ability to independently and fully defend its significant property and economic interests in this litigation. The Court should permit CRM to intervene as a defendant without limitation.

DATED: July 13, 2026

JEFFER MANGELS & MITCHELL LLP
KERRY SHAPIRO
MICHAEL H. STRUB, JR.

By: _____/s/ Michael H. Strub, Jr._____
            MICHAEL H. STRUB, JR.

DATED: July 13, 2026

HOLLAND & HART LLP
MURRAY FELDMAN
JENNIFER SCHELLER NEUMANN
AMELIA YOWELL
ANDREA J. DRIGGS

By: _____/s/ Murray Feldman_____
            MURRAY FELDMAN

Attorneys for Proposed Intervenor-
Defendants Dateline Resources Ltd. and
Colosseum Rare Metals, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of July, 2026, I electronically filed the foregoing **REPLY OF COLOSSEUM RARE METALS, INC. AND DATELINE RESOURCES LTD.'S TO PLAINTIFF NATIONAL PARKS CONSERVATION ASSOCIATION'S RESPONSE TO MOTION TO INTERVENE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Gabriel F. Greif<br>Earthjustice<br>707 Wilshire Blvd, Suite 4300<br>Los Angeles, CA 90017<br>415-217-2000<br>Fax: 415-217-2040<br>Email: ggreif@earthjustice.org | Attorneys for Plaintiff National Parks Conservation Association |
| Gregory Cahill Loarie<br>Katrina Anais Tomas<br>Earthjustice<br>1 Sansome Street, Suite 1700<br>San Francisco, CA 94104<br>415-217-2000<br>Fax: 415-217-2040<br>Email: gloarie@earthjustice.org<br>Email: ktomas@earthjustice.org | Attorneys for Plaintiff National Parks Conservation Association |
| Daniel Luecke<br>DOJ-Enrd<br>Natural Resources Section<br>P.O. Box 7611<br>Washington, DC 20044-7611<br>202-598-7863<br>Email: daniel.luecke@usdoj.gov | Attorneys for Defendant U.S. Department of the Interior; Defendant Doug Burgum; Defendant National Park Service; Defendant Jessica Bowron; Defendant Kevin Schluckebier |
| Katharine Laubach<br>United States Department of Justice<br>PO Box 7611<br>Washington, DC 20044-7611<br>202-305-8568<br>Email: katharine.laubach@usdoj.gov | Attorneys for Defendant U.S. Department of the Interior; Defendant Doug Burgum; Defendant National Park Service; Defendant Jessica Bowron; Defendant Kevin Schluckebier |

*/s/ Michael H. Strub, Jr.*