UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            'O'

| Case No. | 2:26-cv-04002-CAS-ASx | Date | July 15, 2026 |
|---|---|---|---|
| Title | National Parks Conservation Association v. U.S. Dept. of the Interior, et al | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS) - DATELINE RESOURCES LTD. AND COLOSSEUM RARE METALS, INC.'S MOTION TO INTERVENE AS DEFENDANTS (Dkt. 23, filed on July 1, 2026)

DATELINE RESOURCES LTD. AND COLOSSEUM RARE METALS, INC.'S *EX PARTE* APPLICATION FOR LEAVE TO FILE AN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (Dkt. 25, filed on July 6, 2026)

## I.    INTRODUCTION

On April 15, 2026, plaintiff National Parks Conservation Association ("NPCA" or "plaintiff") filed a complaint for declaratory and injunctive relief against defendants U.S. Department of the Interior ("DOI"), Doug Bergum in his official capacity as Secretary of DOI, National Park Service ("NPS"), Jessica Bowron in her official capacity as Comptroller for NPS and currently exercising the delegated authority of the Director of NPS, and Kevin Schluckebier in his official capacity as Acting Superintendent of Mojave National Preserve (collectively, the "federal defendants"). Dkt. 1 ("Compl.").

Plaintiff alleges that the federal defendants' April 2025 decision authorizing Dateline Resources Ltd. to proceed with renewed mining operations at Colosseum Mine within Mojave National Preserve violates the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), because it is not in accordance with: (1) the Mining in the Parks Act; (2) the California Desert Protection Act ("CDPA"); or (3) the National Environmental Policy Act ("NEPA"). Id. ¶¶ 78, 89, 95. Plaintiff alleges that the federal defendants' assertion that U.S. Bureau and Land Management's ("BLM") prior plan of operations "remains in effect" is also arbitrary and capricious, in violation of the APA. Id. ¶ 82.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:26-cv-04002-CAS-ASx | Date | July 15, 2026 |
|---|---|---|---|
| Title | National Parks Conservation Association v. U.S. Dept. of the Interior, et al | | |

Plaintiff alleges that the federal defendants' April 3, 2025 assertion that renewed mining at Colosseum Mine "does not require a validity [determination]" is also arbitrary and capricious, in violation of the APA. Id. ¶ 90. Plaintiff seeks an order from the Court: (1) setting aside and vacating the federal defendants' April 2025 decision authorizing Dateline Resources Ltd. to proceed with operations at Colosseum, as well as any subsequent agency actions relying on the April 2025 decision; (2) declaring that the federal defendants' April 2025 decision violated the Mining in the Parks Act, CDPA, and NEPA; (3) enjoining the federal defendants from authorizing or otherwise allowing further operations at Colosseum Mine pending compliance with all applicable laws and regulations; and (4) awarding plaintiff costs of litigation, including reasonable attorneys' fees and costs. Id. at 21.

On June 23, 2026, plaintiff filed a motion for preliminary injunction. Dkt. 20.

On July 1, 2026, Dateline Resources Ltd. and its wholly owned subsidiary, Colosseum Rare Metals, Inc. (collectively, "CRM") filed the instant motion to intervene as a defendant pursuant to Rule 24 of the Federal Rules of Civil Procedure. Dkt. 23.

On July 6, 2026, CRM filed the instant *ex parte* application for leave to file an opposition to plaintiff's motion for preliminary injunction and a request for permission to be heard at any hearing on plaintiff's preliminary injunction motion. Dkt. 25.

On July 8, 2026, plaintiff filed notices of non-opposition to CRM's motion to intervene and to CRM's *ex parte* application for leave to file an opposition and request to be heard at oral argument on the motion. Dkts. 26, 27.

On July 13, 2026, CRM filed a reply in support of its motion to intervene. Dkt. 29.

The Court finds the instant motion and *ex parte* application appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the matters are hereby taken under submission.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

**II.    LEGAL STANDARD**

A party may intervene pursuant to Federal Rule of Civil Procedure 24 either as of right, or with permission of the Court. "A party seeking to intervene as of right must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-04002-CAS-ASx | Date | July 15, 2026 |
|---|---|---|---|
| Title | National Parks Conservation Association v. U.S. Dept. of the Interior, et al | | |

meet four requirements: (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties." Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003).  A party who satisfies each of these requirements must be permitted to intervene.  Id.

By contrast, "[a] motion for permissive intervention pursuant to Rule 24(b) is directed to the sound discretion of the district court." San Jose Mercury News, Inc v. U.S. Dist. Ct., 187 F.3d 1096, 1100 (9th Cir. 1999).  The Ninth Circuit has set forth three prerequisites that an applicant seeking permissive intervention under Rule 24(b) must establish: "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." Id. (internal quotation omitted).

## III.   DISCUSSION

CRM argues that it is entitled to intervene as a defendant as of right pursuant to Federal Rule of Civil Procedure 24(a)(2).  Dkt. 23 at 12.  CRM argues that its motion, which was filed less than three months after the complaint, before any responsive pleading has been filed, before any administrative record has been prepared, before any discovery has been conducted, and before any dispositive motions have been submitted, is timely.  Id. at 13.  CRM argues that it has significant and well-demonstrated property, economic, and regulatory interests in the present litigation that will be impaired if intervention is denied because the relief plaintiff seeks would bring CRM's ongoing operations at the Colosseum Mine to a halt.  Id. at 14-15.  CRM argues that the federal defendants do not sufficiently represent CRM's interests because the interests and perspectives of CRM, a private party with a direct economic stake in this dispute, differ significantly from those of the federal defendants, primarily interested in defending administrative processes and decisions.  Id. at 16.  CRM argues that its participation in the litigation will likely aid the Court's consideration of the issues in the case because CRM has actual, on-the-ground experience developing mineral assets in an environmentally responsible manner and will likely make arguments that will not be made by other parties to the litigation.  Id. at 16-17.  Alternatively, CRM argues that it should be granted permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(1)(B).  Id. at 17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-04002-CAS-ASx | Date | July 15, 2026 |
|---|---|---|---|
| Title | National Parks Conservation Association v. U.S. Dept. of the Interior, et al | | |

Plaintiff does not oppose CRM's intervention by permission and takes no position as to whether CRM is entitled to intervene as of right. Dkt. 26 at 2. Plaintiff submits that the Court should impose the following two conditions on CRM's participation: (1) that CRM be required to coordinate its briefing with the federal defendants to avoid unnecessary duplication of arguments; and (2) that CRM be prohibited from seeking discovery or otherwise attempting to introduce evidence outside of the administrative record. Id. Plaintiff argues that these two proposed conditions on CRM's intervention are reasonable and will help ensure the fair and efficacious resolution of this litigation. Id.

The Court finds that CRM meets all four requirements to intervene as a matter of right, and therefore the Court does not need to consider whether permissive intervention is appropriate.

### A.    Timeliness

To determine whether a motion to intervene is timely, the Court considers three factors: (1) the stage of the proceeding at which intervention is sought; (2) any prejudice to existing parties; and (3) the reason for and length of any delay. United States v. Oregon, 913 F.2d 576, 588-89 (9th Cir. 1990). A motion to intervene is generally considered timely if it is filed soon after a complaint, prior to any substantive proceedings. See Nw. Forest Res. Council v. Glickman, 82 F.3d 825, 837 (9th Cir. 1996).

Here, CRM seeks to intervene before any responsive pleading has been filed and before defendant's opposition to plaintiff's motion for preliminary injunction was due. Accordingly, this requirement is satisfied.

### B.    Significant Protectable Interest Potentially Impaired

Second, CRM must demonstrate a "significant[] protectable interest" in the case. Arakaki, 324 F.3d at 1083. This requirement should be construed expansively, see Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co., 386 U.S. 129, 132-36 (1967), so that an interest is "significantly protectable" when "the interest is protectable under some law, and . . . there is a relationship between the legally protected interest and the claims at issue." Wilderness Soc'y v. U.S. Forest Serv., 630 F.3d 1173, 1177 (9th Cir. 2011). For example, a prospective intervenor has a "significant protectable" interest when it "will suffer a practical impairment of its interests as a result of the pending litigation." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:26-cv-04002-CAS-ASx | | Date | July 15, 2026 |
|---|---|---|---|---|
| Title | National Parks Conservation Association v. U.S. Dept. of the Interior, et al | | | |

Third, to establish intervention by right, the potential intervenor is required to show that an unfavorable disposition of the pending litigation "will result in [the] practical impairment" of its interests.  Arakaki, 324 F.3d at 1083.  This standard is met even if a prospective intervenor cannot establish with "absolute certainty" that its "interests will be impaired."  Citizens for Balanced Use v. Montana Wilderness Ass'n, 647 F.3d 893, 900 (9th Cir. 2011).

Here, CRM has demonstrated that it has a significant protectable interest in the subject matter of this suit—its mining operations at the Colosseum Mine—and that interest may be impaired by the outcome of the suit which seeks to enjoin the federal defendants from authorizing or allowing such mining operations to continue absent compliance with applicable laws and regulations.  The Court accordingly concludes that this requirement is satisfied.

### C.     Inadequate Representation by the Federal Defendants

To intervene by right, CRM must also establish that the existing parties do not adequately represent CRM's interests.  This requirement is satisfied if CRM "shows that representation of [its] interest 'may be' inadequate; and the burden of making that showing should be treated as minimal."  Trbovich v. United Mine Workers, 404 U.S. 528, 538 n. 10 (1972).  The Ninth Circuit has considered several factors to determine the adequacy of representation, including (1) whether the parties "will undoubtedly make all of the intervenor's arguments;" (2) whether the parties are "capable of and willing to make such arguments;" and (3) "whether the intervenor offers a necessary element to the proceeding that would be neglected."  Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 525, 528 (9th Cir. 1983).

The Court finds this requirement also is satisfied.  "[I]t is well-established that governmental entities generally cannot represent the 'more narrow and parochial financial interest' of a private party.  Wildearth Guardians v. Salazar, 272 F.R.D. 4, 15 (D.D.C. 2010) (citation omitted); see also Sw. Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 824 (9th Cir. 2001) (difference in interests between government defendants and proposed intervenor trade associations made it likely that intervenors would advance different arguments and created "sufficient doubt about the adequacy of representation to warrant intervention.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-04002-CAS-ASx | Date | July 15, 2026 |
|---|---|---|---|
| Title | National Parks Conservation Association v. U.S. Dept. of the Interior, et al | | |

### D.     Restrictions on Intervention

In its reply, CRM argues that no limitations should be placed on its intervention as a defendant.  Reply at 6.  First, CRM argues that it will coordinate its briefing with the federal defendants and does not intend to provide duplicative arguments to the Court, but coordination should not be required.  Id. at 2-3.  Second, CRM argues that it should not be barred from seeking discovery nor from introducing evidence outside of the administrative record.  Id. at 4.  CRM argues that it is common in record review cases for parties, including intervenors, to have the opportunity to move to supplement the administrative record with documents that should have been included in the record but are missing, and, in limited circumstances, parties may also request that the Court consider extra-record evidence in limited situations.  Id. at 5.  CRM argues that because the record has not yet been prepared in this case, it is premature to determine whether CRM should be permitted to move to supplement the administrative record.  Id. at 6.

The Court finds that plaintiff's proposed restrictions on CRM's participation are appropriate.  Such conditions imposed by the Court are reasonable limitations "designed to ensure the fair, efficacious, and prompt resolution of the litigation."  Wildearth Guardians v. Salazar, 272 F.R.D. 4, 20 (D.D.C. 2010); see Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 383 (1987) (Brennan, J., concurring) ("[R]estrictions on participation may also be placed on an intervenor of right and on an original party."); see also Fed. R. Civ. P. 24 advisory committee's note to 1966 amendment ("An intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings.").  Indeed, CRM intends to coordinate with the federal defendants to avoid duplicative briefing, see Reply at 4, so this condition is minimally burdensome.  With respect to discovery, "judicial review of an agency decision typically focuses on the administrative record in existence at the time of the decision and does not encompass any part of the record that is made initially in the reviewing court."  Sw. Ctr. for Biological Diversity v. U.S. Forest Serv., 100 F.3d 1443, 1450 (9th Cir. 1996); see also Lands Council v. Powell, 395 F.3d 1019, 1029 (9th Cir. 2005) ("[T]he Supreme Court has expressed a general rule that courts reviewing an agency decision are limited to the administrative record.") (citing Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985)).  Moreover, "if an Agency's administrative record is incomplete, we would expect litigants to seek to supplement the record in the agency before seeking to expand

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:26-cv-04002-CAS-ASx | Date | July 15, 2026 |
|----------|------------------------|------|----------------|
| Title | National Parks Conservation Association v. U.S. Dept. of the Interior, et al | | |

the record before the district court." Lands Council, 395 F.3d at 1029 n.10.  Thus, the Court's restriction on CRM conducting discovery is appropriate and reasonable.

## IV.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS** CRM's motion to intervene as a defendant.  CRM shall be permitted to intervene in this action pursuant to the following conditions: (1) CRM will abide by the same deadlines applicable to the federal defendants; (2) CRM shall coordinate its briefing with the federal defendants to avoid unnecessary duplication of arguments; and (3) CRM shall not seek discovery from plaintiff or otherwise seek to introduce evidence outside of the administrative record except upon a proper showing that supplementing the administrative record is appropriate.  The Court reserves the right to set page limitations on future briefing by CRM.

The Court **GRANTS** CRM's *ex parte* application for leave to file an opposition brief to plaintiff's motion for preliminary injunction.  CRM's opposition brief that accompanied the *ex parte* application, dkt. 25-3, deemed filed and will be considered by the Court in connection with its disposition of plaintiff's motion.  CRM is permitted to participate and to be heard at the hearing on the motion.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|--|--|----|---|----|
| Initials of Preparer | | | CMJ | |