ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

DANIEL LUECKE
daniel.luecke@usdoj.gov
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 598-7863

KATHARINE LAUBACH
katharine.laubach@usdoj.gov
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
999 18th St. – North Terrace, Ste. 600
Denver, CO 80202
Tel: (202) 353-5765

*Attorneys for Federal Defendants*

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR, et al.,<br><br>　　　　Federal Defendants<br><br>and<br><br>DATELINE RESOURCES LTD., et al.,<br><br>　　　　Intervenor-Defendants. | Case No. 2:26-cv-04002-CAS-AS<br><br>**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

The United States Department of the Interior ("Interior"); National Park Service ("NPS"); Doug Burgum, in his official capacity as Secretary of the Department of the Interior; Jessica Bowron, in her official capacity as Acting Director of the National Park Service; Kevin Schluckebier, in his official capacity as Acting Superintendent of Mojave National Preserve (collectively, "Federal Defendants"), hereby state the following in response to Plaintiff's Complaint for Declaratory and Injunctive Relief, ECF No. 1 (Complaint). All allegations in the corresponding numbered paragraphs of this Answer are in response to the allegations in the corresponding numbered paragraphs and sections of the Complaint. Any allegations not expressly admitted, denied, or qualified are denied.

## **INTRODUCTION**

1.     Regarding the first sentence of Paragraph 1, Federal Defendants admit that Plaintiff has filed an action challenging an April 3, 2025, letter issued by NPS regarding operations at the Colosseum Mine. The second sentence of Paragraph 1 purports to characterize the California Desert Protection Act (CDPA), 16 U.S.C. § 410aaa-41, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute. Federal Defendants deny the remaining allegations in Paragraph 1.

2.     Regarding the first sentence of Paragraph 2, Federal Defendants admit that ore extraction at Colosseum Mine wound down in the early 1990s, and otherwise deny the allegations. The second sentence of Paragraph 2 purports to characterize the CDPA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute. The third sentence of Paragraph 2 purports to characterize a July 14, 1995, letter from NPS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the letter. Regarding

1

the fourth sentence of Paragraph 2, Federal Defendants admit that Dateline Resources Ltd. acquired the Colosseum Mine in 2021, but lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations in the fourth sentence and deny them on that basis.

3.     The allegations in Paragraph 3 purport to characterize communications between NPS and Dateline Resources Ltd. ("Dateline") between 2021 and 2024, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of these communications.

4.     Regarding the first sentence of Paragraph 4, Federal Defendants admit that on April 3, 2025, NPS sent Dateline a letter recognizing Dateline's valid existing rights to operate the Colosseum Mine according to its existing approved plan of operations. Federal Defendants otherwise deny the allegations in the first sentence of Paragraph 4.  The allegations in the second sentence of Paragraph 4 purport to characterize that April 3, 2025, letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the letter. Federal Defendants deny the third sentence of Paragraph 4.

5.     The allegations in the first sentence are conclusions of law that require no response.  To the extent a response is required, Federal Defendants deny the allegations in the first sentence of Paragraph 5. The second sentence of Paragraph 5 purports to characterize Plaintiff's request for relief in this case, which requires no response. To the extent a response is required, Federal Defendants deny that such relief should be awarded.

## JURISDICTION AND VENUE

6.     The allegations in Paragraph 6 are conclusions of law that require no response. To the extent a response is required, Federal Defendants deny the allegations.

7.    The allegations in Paragraph 7 are conclusions of law that require no response. To the extent a response is required, Federal Defendants deny the allegations.

8.    The allegations in Paragraph 8 are conclusions of law that require no response. To the extent a response is required, Federal Defendants deny the allegations.

## **PARTIES**

9.    Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 9 and deny them on that basis.

10.    Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 10 and deny them on that basis.

11.    Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 11 and deny them on that basis.

12.    Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12 and deny them on that basis.

13.    Federal Defendants deny the allegations in Paragraph 13.

14.    With respect to the allegations in the first sentence of Paragraph 14, Federal Defendants admit that Interior is an executive department of the United States government.  The remaining allegations in Paragraph 14 constitute conclusions of law that require no response. To the extent a response is required, Federal Defendants deny the allegations.

15.    Federal Defendants admit the allegations in Paragraph 15.

3

16.     Federal Defendants admit the allegations in the first sentence of Paragraph 16. The allegations in the second sentence of Paragraph 16 constitute conclusions of law that require no response. To the extent a response is required, Federal Defendants deny the allegations.

17.     Federal Defendants admit the allegations in Paragraph 17.

18.     Federal Defendants admit the allegations in Paragraph 18.

### FACTUAL BACKGROUND

19.     The allegations in Paragraph 19 purport to characterize the CDPA, 108 Stat. 4471, § 2(a)(1), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute.

20.     The allegations in Paragraph 20 purport to characterize the CDPA, 16 U.S.C. §§ 410aaa-42, 410aaa-46(a), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute.

21.     Federal Defendants admit the allegations in the first and third sentences of Paragraph 21. The allegations in the second and fourth sentences of Paragraph 21 are vague and lack the necessary context for Federal Defendants to form a belief as to their truth, and therefore are denied.

22.     Regarding the allegations in Paragraph 22, Federal Defendants admit that parts of the Mojave National Preserve provide habitat for bighorn sheep and critical habitat for the desert tortoise, which is listed as threatened under the federal Endangered Species Act and endangered under the California Endangered Species Act. The remaining allegations in Paragraph 22 are vague and lack the necessary context for Federal Defendants to form a belief as to their truth, and therefore they are denied.

23.     Federal Defendants admit that the Mojave National Preserve contains archaeological sites dating back thousands of years. The remaining allegations in

4

Paragraph 23 are vague and lack the necessary context for Federal Defendants to form a belief as to their truth, and therefore they are denied.

24. Federal Defendants admit the allegations in the first sentence of Paragraph 24. The allegations in the second sentence of Paragraph 24 are vague and lack the necessary context for Federal Defendants to form a belief as to their truth, and therefore they are denied.

25. Regarding the allegations in Paragraph 25, Federal Defendants admit that the Colosseum Mine operated as a gold and silver mine beginning in the 1860s, that non-strategic metal mining was curtailed during World War II consistent with War Production Board orders, and that higher gold prices later attracted investment to convert to open-pit mining. Federal Defendants otherwise deny the allegations in Paragraph 25.

26. Regarding the allegations in Paragraph 26, Federal Defendants admit that Draco Mines performed exploration drilling in the early 1970s, that Amselco leased the property from Draco Mines in 1982, and that Amselco conducted drilling and feasibility studies between 1982 and 1984. Federal Defendants otherwise deny the allegations in Paragraph 26.

27. Federal Defendants admit the allegations in Paragraph 27.

28. Federal Defendants admit the allegations in Paragraph 28.

29. Regarding the allegations in Paragraph 29, Federal Defendants admit that the then ongoing active mining operations at the Colosseum Mine halted in 1992 and that the Mine subsequently went into reclamation in 1993, and otherwise deny the allegations.

30. Federal Defendants admit the allegations in Paragraph 30.

31. The first sentence of Paragraph 31 is vague and lacks the necessary context for Federal Defendants to form a belief as to its truth, and therefore it is denied. Regarding the second and third sentences of Paragraph 31, Federal Defendants admit that two patented mining claims are located on the South Pit of

the Colosseum Mine and that the Mine can be accessed via Colosseum Road, which is on land managed by NPS. Federal Defendants deny the remaining allegations in Paragraph 31.

## STATUTORY BACKGROUND

32. The allegations in Paragraph 32 purport to characterize the Mining in the Parks Act (MPA), 54 U.S.C. § 100731, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute.

33. The allegations in Paragraph 33 purport to characterize the MPA, 54 U.S.C. § 100732, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute.

34. The allegations in Paragraph 34 purport to characterize NPS regulations under the MPA, 36 C.F.R. § 9.1, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the regulations.

35. The allegations in Paragraph 34 purport to characterize NPS regulations under the MPA, C.F.R. § 9.9(a), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the regulations.

36. The allegations in Paragraph 36 purport to characterize NPS regulations under the MPA, 36 C.F.R. § 9.2(b), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the regulations.

37. The allegations in Paragraph 37 purport to characterize the CDPA, Pub. L. 103-433, Oct. 31, 1994, 108 Stat. 4471, § 2(b)(1), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute.

38.    The allegations in Paragraph 38 purport to characterize the CDPA, 16 U.S.C. § 410aaa-47, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute.

39.    The allegations in Paragraph 39 are conclusions of law that require no response. To the extent a response is required, Federal Defendants deny the allegations in paragraph 39.

40.    The allegations in Paragraph 40 purport to characterize the CDPA, 16 U.S.C. § 410aaa-49(a), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute.

41.    The allegations in Paragraph 41 are conclusions of law that require no response. To the extent a response is required, the allegations in Paragraph 41 are vague and lack the necessary context for Federal Defendants to form a belief as to their truth, and therefore they are denied..

42.    The allegations in Paragraph 42 purport to characterize the National Environmental Policy Act (NEPA), 42 U.S.C. § 4331(a), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute.

43.    The allegations in Paragraph 43 purport to characterize NEPA, 42 U.S.C. § 4332(2)(C), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute.

44.    The allegations in Paragraph 44 purport to characterize the holding of *Marsh v. Oregon Nat. Res. Council*, 490 U.S. 360, 374 (1989), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the case.

**PROCEDURAL BACKGROUND**

45. The allegations in Paragraph 45 purport to characterize FLPMA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute.

46. The allegations in Paragraph 46 purport to characterize Bureau of Land Management (BLM) regulations under the FLPMA, 43 C.F.R. §§ 3809.1(a), 3809.11(a), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the regulations.

47. Federal Defendants admit the allegations in Paragraph 47.

48. The allegations in the first sentence of Paragraph 48 purport to characterize the approved Plan of Operations for the Colosseum Mine, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Plan. Federal Defendants admit that BLM never completed a validity determination for the unpatented mining claims at Colosseum Mine and otherwise deny the allegations in the second sentence of Paragraph 48.

49. Federal Defendants admit the allegations in Paragraph 49.

50. The allegations in Paragraph 50 purport to characterize the record of decision for the Environmental Impact Statement and Environmental Impact Report (EIS/EIR) related to the Colosseum Mine, the Plan of Operations, and related BLM approvals, which documents speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the documents.

51. The allegations in Paragraph 51 purport to characterize the Plan of Operations for the Colosseum Mine, which speaks for itself and is the best

8

evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Plan.

52.     Regarding the allegations in Paragraph 52, Federal Defendants admit that the then ongoing active mining operations at the Colosseum Mine halted in 1992 and that the mine went into reclamation, with milling continuing on-site until 1993, and otherwise deny the allegations in Paragraph 52.

53.     The allegations in Paragraph 53 purport to characterize the CDPA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute.

54.     The allegations in Paragraph 54 purport to characterize a July 14, 1995, letter from NPS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the letter.

55.     The allegations in Paragraph 55 purport to characterize a closure plan for the Colosseum Mine submitted to the California Regional Water Quality Control Board, Lahontan Region, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the document.

56.     The allegations in Paragraph 56 purport to characterize Order No. 6-96-11 of the California Regional Water Quality Control Board, Lahontan Region, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the order.

57.     Federal Defendants admit the allegations in Paragraph 57.

58.     Regarding the allegations in Paragraph 58, Federal Defendants admit that a Mojave National Preserve ranger observed contractors demobilizing

drilling equipment on May 2, 2022, and expressed his belief that this activity required a permit. Federal Defendants otherwise deny the allegations in Paragraph 58.

59. Regarding the allegations in Paragraph 59, Federal Defendants admit that NPS conducted an inspection in May 2022 and that road maintenance and clearing along the access road was observed during the inspection. Federal Defendants otherwise deny the allegations in Paragraph 59.

60. The allegations in Paragraph 60 purport to characterize a June 6, 2022, letter from the Superintendent of Mojave National Preserve, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the letter.

61. The allegations in Paragraph 61 purport to characterize an NPS Special Use Permit, NPS-MOJA-5300-23-0011, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the permit.

62. The allegations in Paragraph 62 purport to characterize a February 8, 2023, letter from NPS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the letter.

63. Federal Defendants admit that, on March 25, 2023, an NPS ranger encountered personnel associated with Dateline Resources Limited performing work on the road leading to Colosseum Mine. Federal Defendants also admit that the NPS ranger returned on March 26, 2023, and noted that the road work had continued. The remaining allegations in Paragraph 63 are vague and lack the necessary context for Federal Defendants to form a belief as to their truth, and therefore they are denied.

64. The allegations in Paragraph 64 purport to characterize a March 31, 2023, letter from NPS, which speaks for itself and is the best evidence of its

contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the letter.

65.    The allegations in Paragraph 65 purport to characterize a June 9, 2023, letter from NPS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the letter.

66.    The allegations in Paragraph 66 purport to characterize a June 9, 2023, letter from NPS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the letter.

67.    The allegations in Paragraph 67 purport to characterize a June 9, 2023, letter from NPS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the letter.

68.    The allegations in Paragraph 68 purport to characterize July 21, 2023, and May 9, 2024, communications from NPS, and a July 24, 2024, communication from Dateline, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the communications.

69.    Federal Defendants admit the allegations in Paragraph 69.

70.    The allegations in Paragraph 70 purport to characterize an April 3, 2025, letter from NPS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the letter.

71.    The allegations in Paragraph 71 purport to characterize an April 8, 2025, press release from NPS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the press release.

72.     The allegations in Paragraph 72 purport to characterize an April 3, 2025, letter from the Superintendent of Mojave National Preserve, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the letter.

73.     The allegations in Paragraph 73 purport to characterize a May 2025 Truth Social post, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the post.

74.     The allegations in the Paragraph 74 are vague and lack the necessary context for Federal Defendants to form a belief as to their truth, and therefore they are denied.

### FIRST CAUSE OF ACTION

75.     Federal Defendants hereby incorporate their responses to all preceding paragraphs set forth above.

76.     The allegations in Paragraph 76 are conclusions of law that require no response. To the extent a response is required, Federal Defendants deny the allegations.

77.     The allegations in the first sentence of Paragraph 77 are conclusions of law that require no response. To the extent a response is required, Federal Defendants deny the allegations. The allegations in the second sentence of Paragraph 77 purport to characterize the Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(A), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute.

78.     The allegations in Paragraph 78 are conclusions of law that require no response. To the extent a response is required, Federal Defendants deny the allegations.

79. The allegations in Paragraph 79 purport to characterize the MPA, 54 U.S.C. § 100732, and its implementing regulations, 36 C.F.R. § 9.9, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute and regulations.

80. Regarding the allegations in the first sentence of Paragraph 80, Federal Defendants admit that Dateline has not submitted a new plan of operations to NPS for the Colosseum Mine. Federal Defendants deny the remaining allegations in Paragraph 80.

81. The allegations in Paragraph 81 are conclusions of law that require no response. To the extent a response is required, Federal Defendants deny the allegations.

82. The allegations in Paragraph 82 are conclusions of law that require no response. To the extent a response is required, Federal Defendants deny the allegations.

83. The allegations in Paragraph 83 purport to characterize federal cases, *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983), *Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 106 (2015), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the cases.

84. Regarding the allegations in the first sentence of Paragraph 84, the allegations are vague and lack the necessary context for Federal Defendants to form a belief as to their truth, and therefore they are denied. The allegations in the second sentence of Paragraph 84 constitute conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the second sentence of Paragraph 84.

## SECOND CAUSE OF ACTION

85.    Federal Defendants hereby incorporate their responses to all preceding paragraphs set forth above.

86.    The allegations in Paragraph 86 are conclusions of law that require no response. To the extent a response is required, Federal Defendants deny the allegations.

87.    The allegations in Paragraph 87 purport to characterize the CDPA, 16 U.S.C. § 410aaa-49(a), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute.

88.    The allegations in the first sentence of Paragraph 88 are vague and lack the necessary context for Federal Defendants to form a belief as to their truth, and therefore they are denied. Federal Defendants admit the allegations of the second sentence of Paragraph 88.

89.    The allegations in Paragraph 89 are conclusions of law that require no response. To the extent a response is required, Federal Defendants deny the allegations.

90.    The allegations in Paragraph 90 are conclusions of law that require no response. To the extent a response is required, Federal Defendants deny the allegations.

91.    Regarding the allegations in the first sentence of Paragraph 91, the allegations are vague and lack the necessary context for Federal Defendants to form a belief as to their truth, and therefore they are denied. The allegations in the second sentence of Paragraph 91 constitute conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the second sentence of Paragraph 91.

## THIRD CAUSE OF ACTION

92.     Federal Defendants hereby incorporate their responses to all preceding paragraphs set forth above.

93.     The allegations in Paragraph 93 are conclusions of law that require no response. To the extent a response is required, Federal Defendants deny the allegations.

94.     The allegations in Paragraph 94 are conclusions of law that require no response. To the extent a response is required, Federal Defendants deny the allegations.

95.     The allegations in Paragraph 95 are conclusions of law that require no response. To the extent a response is required, Federal Defendants deny the allegations.

96.     The allegations in Paragraph 96 are conclusions of law that require no response. To the extent a response is required, Federal Defendants deny the allegations.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint constitutes Plaintiff's request for relief, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief sought or any form of relief.

## GENERAL DENIAL

Federal Defendants deny any allegations of the Amended Complaint, whether express or implied, not specifically admitted, denied, or qualified herein.

## DEFENSES

1.     Plaintiff fails to challenge final agency action.

2.     Plaintiff has failed to exhaust administrative remedies for some or all of their claims.

15

3.      Plaintiff lacks standing for some or all of its claims.

4.      Plaintiff fails to state a claim upon which relief may be granted.

WHEREFORE, Federal Defendants respectfully pray that this Court deny in all respects Plaintiff's Prayer for Relief, dismiss Plaintiff's Complaint, enter judgment for Federal Defendants, and grant to Federal Defendants such other relief as may be appropriate.

DATED:  August 5, 2026          Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

/s/ Daniel Luecke
DANIEL LUECKE
daniel.luecke@usdoj.gov
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 598-7863

KATE LAUBACH (CO Bar No. 42694)
katharine.laubach@usdoj.gov
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
999 18th Street – North Terrace, Ste. 600
Denver, CO 80202
Tel: (202) 353-5765

*Attorneys for Federal Defendants*

16