UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26cv04002 CAS (ASx) Date: September 2, 2026

Title *NATIONAL PARKS CONSERVATION ASSOCIATION V. U.S. DEPARTMENT OF THE INTERIOR; ET AL.*

Present: The Honorable: CHRISTINA A. SNYDER, U.S. DISTRICT SENIOR JUDGE

| Catherine Jeang | Not Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS)

The Court is in receipt of email correspondence in the above-referenced action. The email correspondence is attached hereto.

00:00

**Initials of Preparer** CMJ

## Colosseum Project – Concern of an Affected Shareholder Regarding the Preliminary Injunction

**From** Mark Keenan
**Date** Wed 9/2/2026 12:18 AM
**To**

Dear Judge Snyder,

I am writing respectfully as a New Zealand citizen and substantial shareholder in Dateline Resources Limited (ASX: DTR), the Australian listed company developing the Colosseum Gold and Rare Earths Project in California. I currently hold approximately 6 million shares.

I fully respect the independence of the Court and the judicial process. I also recognise the importance of protecting environmental interests while the underlying litigation is determined. I am not suggesting that environmental protection should be compromised.

I am nevertheless deeply concerned about the **breadth and practical consequences of the preliminary injunction**, particularly the balance between the environmental interests at issue and the very substantial harm being imposed on the company and its shareholders.

I respectfully question whether the injunction is appropriately tailored to the environmental risk identified, particularly insofar as it prevents activities that could be undertaken without causing environmental harm while the underlying legal issues are being tested.

There appears to be a potentially important distinction between activities which could prejudice the environmental interests at issue in the litigation and activities which could proceed without causing such harm. It is difficult for me, as an affected shareholder, to understand why the latter should necessarily have to cease pending resolution of the underlying case.

I am also concerned that the **practical financial harm to shareholders who relied upon government permitting and regulatory decisions may not have been given sufficient weight in the balance of harms**.

Thousands of ordinary investors have committed their savings to Dateline in reliance upon a project that had progressed through the relevant US regulatory and permitting processes. Investors cannot reasonably be expected to understand or anticipate that government approvals may subsequently be rendered effectively unusable while lengthy litigation proceeds.

The consequences have been severe. The injunction has resulted in substantial destruction of shareholder value and, for some investors, genuine financial distress. These are not simply numbers on a share price chart; they represent the savings and financial security of real people who invested in good faith.

I appreciate that the Court's role is not to protect the share price of a public company. However, where an injunction is being considered, I respectfully believe that the **magnitude and duration of the financial harm to innocent third-party shareholders is a legitimate component of the broader balance-of-harms consideration**.

There is also a wider public-interest dimension that concerns me.

The Colosseum Project is a brownfield mining project with an existing historical mining footprint. It involves gold and rare earth elements and therefore potentially contributes to US domestic mineral supply. At a time when the United States is seeking to strengthen critical-mineral supply chains and reduce strategic dependence upon China, it seems particularly important that legitimate domestic resource projects are not unnecessarily prevented from progressing where activities can be undertaken responsibly and without environmental harm.

I am not asking the Court to favour Dateline, nor am I asking environmental requirements to be relaxed. My concern is whether a **more proportionate and narrowly tailored approach** could protect the environmental interests at stake while permitting genuinely non-harmful activities to continue until the underlying legal questions are resolved.

As a New Zealand investor, I invested in this American project because I believed that the US regulatory and permitting system provided a reasonable foundation upon which private capital could rely.

If investors cannot reasonably rely upon government approvals after a project has passed through the relevant regulatory processes, it creates significant uncertainty not only for Dateline shareholders but for the private capital that the United States increasingly needs to develop its domestic critical-mineral resources.

I fully appreciate that the appropriate legal arguments must be made through the formal proceedings and that the Court must ultimately decide the matter according to the law.

I nevertheless wanted, respectfully, to put before you the perspective of one substantially invested shareholder who believes that the **financial and human consequences of the injunction, the reliance placed upon government permitting, and the availability of less restrictive measures deserve careful consideration alongside the environmental issues**.

Thank you for taking the time to read my letter.

Respectfully,

**Mark Keenan**
New Zealand